## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION

| | |
|---|---|
| ENRIQUE GONZALEZ, | ) |
| Plaintiff, | ) Case No. 3:18-CV-653 |
| | ) |
| | ) HON. REBECCA GRADY JENNINGS |
| v. | ) |
| | ) MAG. REGINA EDWARDS |
| CITY OF SHELBYVILLE, ET AL., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

### PLAINTIFF'S MOTION *IN LIMINE* NO. 7
### TO BAR NON-PARTY CONVICTIONS AND ARRESTS

Now comes Plaintiff, ENRIQUE GONZALEZ, by and through his counsel, Loevy & Loevy, and respectfully moves this Court to bar evidence of non-party convictions and arrests. In support, Plaintiff states as follows:

### INTRODUCTION

Plaintiff seeks to exclude non-party convictions and arrests of witnesses who may testify at trial under Fed. R. Evid. 609. Rule 609 governs the use of prior convictions for impeachment purposes.

### ARGUMENT

Joseph Gonzalez—Plaintiff's brother—has three misdemeanor convictions and one pending criminal case:

- On January 19, 2017, Joseph Gonzalez was charged with misdemeanor possession of marijuana in the Shelby District Court. Ex. 1 (Courtnet). He pleaded guilty on December 27, 2018. *Id.*

1

- On October 27, 2017, Joseph Gonzalez was charged with misdemeanor criminal trespass in the Shelby District Court. Ex. 2 (Courtnet). He pleaded guilty on November 27, 2017. *Id.*

- On January 23, 2020, Joseph Gonzalez was charged with driving under the influence in the Anderson District Court. Ex. 3 (Courtnet). He pleaded guilty on December 3, 2020. *Id.*

- On March 24, 2020, Joseph Gonzalez was charged with murder, robbery, and wanton endangerment in the Fayette Circuit Court. Ex. 4 (Courtnet). This case is pending. *Id.* at 2-5.

Joseph Gonzalez's misdemeanor convictions are inadmissible. Under Rule 609, witnesses may be impeached with felony convictions, or with convictions involving dishonesty or falsity. *Fields v. White*, No. 15-38-ART, 2016 WL 3574396, at *26 (E.D. Ky. June 23, 2016) (citing Fed. R. Evid. 609(a)). "But the federal rules do not provide that a defendant may impeach a testifying witness using a conviction for more pedestrian forms of misdemeanors." *Id.* (citing Fed. R. Evid. 609); *see also McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990) ("According to Rule 609(a)(2), evidence that the witness was convicted of a misdemeanor is admissible only if the crime involved 'dishonesty or false statement.'"). "The Advisory Committee's Notes to Rule 609 list perjury, false statement, fraud and embezzlement as offenses involving dishonesty or false statements." *Id.*

Joseph Gonzalez's marijuana possession and criminal trespass convictions both are misdemeanors. Exs. 1, 2. Neither are crimes of dishonesty. *See* Rule 609(a)(2) (admitting evidence of conviction requires that "the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement"). The DUI conviction also was a misdemeanor, since it was not punishable by more

than one year's imprisonment. *See* Ex. 3 (charging DUI under 189A.010(5)(A), which provides for punishment of no more than 30 days' imprisonment); *see also Moncrieffe v. Holder*, 569 U.S. 184, 212 (2013) ("The federal definition of a felony is a crime punishable by imprisonment for more than one year."); Rule 609 advisory committee notes ("For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted . . . .").

Finally, evidence of Joseph Gonzalez's pending case is inadmissible. "By its terms, Fed. R. Evid. 609(a) only permits a witness to be impeached on credibility with evidence 'that [the] witness . . . has been convicted of a crime.'" *United States v. Edgecombe*, 107 F. App'x 532, 538 (6th Cir. 2004) (affirming district court's decision barring evidence of witness' arrest); *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013) ("The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."). Without a conviction, Joseph Gonzalez's pending charges are inadmissible "other acts" evidence under Fed. R. Evid. 404(b). Accordingly, if Joseph Gonzalez testifies at trial, Defendants cannot impeach him with his prior convictions or his pending charges. This Court should grant Plaintiff's Motion *in limine* barring evidence of non-party convictions under Rule 609.

Respectfully Submitted,

/s/ Margaret Campbell
Attorney for Plaintiff

Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
Margaret E. Campbell
Loevy & Loevy
311 N. Aberdeen St., 3rd floor
Chicago, Illinois  60607

### CERTIFICATE OF SERVICE

I, Margaret E. Campbell, an attorney, hereby certify that on December 1, 2021, I filed a copy of the foregoing motion via the Court's CM/ECF system and thereby served a copy on all counsel of record.

Respectfully submitted,

/s/ Margaret Campbell
Attorney for Plaintiff