UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION

| | |
|---|---|
| ENRIQUE GONZALEZ, | ) |
| | ) Case No. 3:18-CV-653 |
| Plaintiff, | ) |
| | ) HON. REBECCA GRADY JENNINGS |
| v. | ) |
| | ) MAG. REGINA EDWARDS |
| CITY OF SHELBYVILLE, ET AL., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 14
TO BAR ANY REFERENCE TO DEFENDANTS' FINANCIAL INABILITY
TO PAY A JUDGMENT FOR COMPENSATORY DAMAGES**

Now comes Plaintiff, ENRIQUE GONZALEZ, by and through his counsel, Loevy & Loevy, and respectfully moves this Court to bar any reference to Defendants financial inability to pay a judgment for compensatory damages. In support thereof, Plaintiffs state as follows:

**I. Compensatory Damages**

Any evidence or argument regarding Defendants financial inability to pay a judgment for compensatory damages should be barred at trial. Here, such evidence is not relevant for Plaintiff's request for compensatory damages. "A Defendant's financial status may generally be considered by a jury in determining a level of punitive damages if such are potentially due, *Johnson v. Howard*, 24 F. App'x 480, 488 (6th Cir. 2001), but if unrelated to this point such evidence would be irrelevant and should be excluded." *Sullivan v. Detroit Police Dep't*, 2009 WL 1689643, at *3 (E.D. Mich. June 17, 2009); *see also Niles v. Owensboro Medical Health Sys., Inc.*,

2011 WL 3205369, at *2 (W.D. Ky. July 27, 2011) (barring arguments or evidence concerning Defendants' ability to pay a damage award). Defendants are to be indemnified by the City of Shelbyville for any compensatory judgment against them so their ability to pay is not relevant. *See* Ex. 1, KLC Insurance Services Declaration, DEF 132-149.

Regarding the issue of indemnification for compensatory damages, an individual defendant should be barred from putting on evidence that he or she is too poor to pay a judgment when an employer or an insurance company will have the ultimate responsibility of paying the judgment. *See, e.g., Kemezy v. Peters*, 79 F.3d 33, 97 (7th Cir. 1996) (holding that a "defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab"); *Awalt v. Marketti*, 2015 WL 4338048, at *11 (N.D. Ill. Jul. 15, 2015) (granting plaintiff's motion *in limine* and recognizing, "[d]espite limiting instructions to the contrary, juries certainly take evidence of financial resources into account (whether consciously or not) when determining damage awards.").

This type of inability to pay evidence is also properly excluded because its probative value (none for compensatory damages) is substantially outweighed by the risk of unfair prejudice that it will unreasonably cause the jury to deflate a potential compensatory damages award. *See Lawson v. Trowbridge*, 153 F.3d 368, 379-80 (7th Cir. 1998).

Finally, the compensatory damages instruction does not allow a jury to consider whether the indemnitor is financially able to pay a judgment.

2

Compensatory damages are designed to *compensate* Plaintiffs for the injury they suffered as a result of the Defendant's conduct. Whether a judgment can be paid by the indemnifying municipal employer is a wholly separate, unrelated question. *See, e.g.*, *Spaulding v. Tate*, 2012 WL 4597966, at *12 (E.D. Ky. Oct. 2, 2012) (granting plaintiff's motion to exclude references to financial implications of a verdict upon a defendant because "[t]he parties' respective financial conditions are not relevant to the issues that will be presented to the jury.").

## II.    Punitive Damages

Such evidence should similarly be barred regarding any claim for punitive damages because Defendants did not produce discovery related to any claim of inability to pay. Plaintiffs expressly requested financial disclosures from each individual Defendant who would claim an inability to pay punitive damages, but no Defendant produced any such disclosures. *See* Ex. 2(a-g), Defendants Responses to Plaintiffs' First Set of Requests for Interrogatories, No. 8.

In the event that the Court disagrees and permits Defendants to present such evidence or argument (or in the event that Defendants open the door at trial and suggests that they cannot pay a judgment), Plaintiff should be allowed to introduce evidence about how any judgment against that Defendant for compensatory damages will be indemnified. *Lawson*, 153 F.3d at 380 ("After carefully reviewing the trial transcript, we are left with the conclusion that the defendants' detailed financial testimony opened the door concerning who likely would pay any judgment against them, and the district court abused its discretion in not allowing Lawson to

3

rebut by telling the jury who likely would pay."); *Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (noting that when a defendant improperly puts on evidence of his or her financial condition at trial, the proper remedy is the admission of evidence about indemnification); *Gonzalez v. Olson,* 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015) ("But if Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages.").

## III. Barring Appeal to Jurors as Taxpayers

The City of Shelbyville (and their insurers) are the ultimate indemnitor of Defendants in this action. Arguments that appeal to jurors' pecuniary interests as taxpayers are improper. *See United States v. Ahee*, 5 F. App'x 342, 356 (6th Cir. 2001); *Moore ex rel. Estate of Grady v. Tujela*, 546 F.3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."). All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Court bar any evidence or argument related to Defendants financial inability to pay a judgment entered against them and barring appeal to jurors as taxpayers.

                                                Respectfully submitted,

                                                /s/ Elliot Slosar
                                                Attorney for Plaintiff

Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
Margaret E. Campbell
Loevy & Loevy
311 N. Aberdeen St., 3rd floor
Chicago, Illinois  60607

**CERTIFICATE OF SERVICE**

    I, Elliot Slosar, an attorney, hereby certify that on December 1, 2021, I filed a copy of the foregoing motion via the Court's CM/ECF system and thereby served a copy on all counsel of record.

Respectfully submitted,

/s/ Elliot Slosar
Attorney for Plaintiff