UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ENRIQUE GONZALEZ ) | |
|     PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:18-CV-653-RGJ |
| CITY OF SHELBYVILLE, ) | |
| BRUCE GENTRY, ) | |
| NICK FISCANTE, ) | |
| PATRICK DONAHOE, ) | |
| DARVIN CHESSER, ) | |
| JEFF MCCLELLAN, ) | |
| WILLIAM WHITE and ) | |
| ISTVAN KOVACS ) | |
|     DEFENDANTS ) | |

**WILLIAM WHITE'S ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Comes the Defendant, Bill White, by counsel and for his Answers to Plaintiff's First Set of Interrogatories states as follows:

**INTRODUCTORY STATEMENT**

Defendant's discovery and investigation is continuing, and further discovery, independent investigation, legal research and analysis may supply additional facts and add meaning to the known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial additions to and changes in and variations from the contents herein set forth. Therefore, Defendant expressly reserves the right to supplement these responses in due course of time, if and when additional responsive information is discovered or revealed by Plaintiff.

**RESERVATIONS**

Defendant does not waive, and hereby reserves his right to make the following objections and object to the competency, privilege, materiality, relevancy and

admissibility of the responses to these discovery requests in any subsequent proceeding, including the trial of this action:

1. Defendant objects to each discovery request insofar as it seeks information or documents that were prepared for or in anticipation of litigation or are protected by the attorney/client privilege and the attorney work product doctrine or any other applicable privilege against disclosure. Defendant's responses are subject to such privileges, protections or doctrines and any inadvertent disclosure or production of privileged information is not intended to be, nor shall be construed as, a waiver of such privileges, protections or doctrines.

2. Defendant objects to each discovery request to the extent that it (a) seeks information or documents that are not within the custody or control of Defendant, or (b) the production of any information or document of which Plaintiff already has possession, custody or control of an identical copy, or which is equally available to Plaintiff through reasonable means of inquiry.

3. Defendant objects to each discovery request to the extent that it calls for privileged, confidential, proprietary, personal or financial information, the release of which is likely to be injurious to Defendant. Such documents and/or information will not be produced without entry of a protective order governing the use of such documents and information.

4. Defendant objects to each discovery request to the extent that it is overly broad as to time or scope, compound, unduly burdensome, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information which is not relevant to (a) Plaintiff's cause of action; or (b) the facts of this case.

5. Defendant objects to each discovery request to the extent that it assumes the truth of the allegations which are in dispute in this litigation and/or makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts.

6. Defendant objects to each request to the extent that it calls for confidential, proprietary information, the production of which would be injurious to Defendant.

7. Defendant objects to each discovery request, instruction, or definition to the extent that it attempts to place obligations and duties upon Defendant well beyond those contained in the Federal Rules Civil Procedure.

## INTERROGATORIES

1. Please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the Defendants' Rule 26 Initial Disclosures. For each Person with knowledge responsive to this interrogatory, please describe with particularity any categories of facts known by each such Person, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

**ANSWER:** See City of Shelbyville's Answers to First Set of Interrogatories, No. 1.

2. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and

manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:** See City of Shelbyville's Answers to First Set of Interrogatories, No. 2.

3. Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including any discipline imposed in connection with each Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:** See Defendant's Personnel File (Defendant, City of Shelbyville's Response to Request for Production of Documents, Exhibit A-6).

4. Under oath, please identify every Communication that you have had with any Person, including but not limited to Plaintiff and any of the Individual Defendants, about any of the allegations, events, or circumstances described in Plaintiff's Complaint. For

4

each such Communication, please: (a) provide a summary of the Communication; (b) identify when and with whom the Communications occurred; and (c) provide the date of the Communication. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:** This Defendant objects to this interrogatory on the grounds that the request is overly broad and burdensome and is not proportional to the needs of the case because Plaintiff requests information regarding "**every** Communication that you have had with **any** Person." This Defendant further objects because Plaintiff seeks the discovery of information protected by the attorney-client privilege and/or attorney work product.

Without waiving said objection: see SPD Investigative Letter DEF000111 (regarding interview of Austin Monroe), DEF000109 (regarding officer involved in case), DEF000112 (regarding October 26, 2017 arrival at 59 Gray Hawk for processing and canvass of neighborhood), DEF000113 and DEF000125 (regarding October 31, 2017 interview of Matthew Grace), DEF000124-DEF000125 (regarding October 31, 2017 interview of Kenneth Stivers and William Nowlin), DEF000113 and DEF000126-DEF000127 (regarding November 9, 2017 interview of Kiah Smith), DEF000113 and DEF000127-DEF000128 regarding December 1, 2017 Interview of Austin Monroe), DEF000 - DEF000123 regarding notes of October 26, 2017 interview of Austin Monroe, DEF000107 (regarding December 20, 2017 Interviews of Leon Stone and Jackie Stone). The Investigative Report contains a discrepancy: DEF000120-121 (interview of Matthew Grace on October 26, 2017), DEF000121-122 (interview of Kenneth Stivers on October 26, 2017) indicates that Defendant Chesser conducted interviews which were in fact

5

conducted by this Defendant. See audio recordings of interviews of Austin Monroe, Matthew Grace, Kenneth Stivers, Kiah Smith, Austin Monroe, Leon Stone, and Jackie Stone.

This Defendant has no personal knowledge regarding Plaintiff's claims that Defendant officers recorded Plaintiff's privileged conversation with his attorney. To the best of this Defendant's knowledge, the subject second-floor interview room was seldom used. This Defendant has general knowledge of an "Order to Preserve" entered December 12, 2017 from the Shelby Circuit Court, a copy of which has been produced in discovery, and knowledge that the Advanced Global Communication system was shut down.

5. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:** This Defendant adopts as his own Defendant, City of Shelbyville's Answers to First Set of Interrogatories, No. 5.

6. Do you contend that Nickie Miller participated in the assault of Austin Monroe on October 26, 2017, or committed any other illegal act relating to the incidents in Plaintiff's Complaint? If so, please describe each alleged illegal act that you contend was committed by Plaintiff and provide the complete factual basis for your contention, and identify all evidence and witnesses upon which you may rely to support your contention.

**ANSWER:** This Defendant has no knowledge at this time regarding Nickie Miller.

7. For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that the request is unduly vague, overly broad and burdensome. To wit, Plaintiff makes a compound reference to "**any** affirmative defenses that you have asserted or **will assert** in this matter," without identifying such affirmative defenses from the pleadings; Plaintiff requests the "**entire** factual basis," "a detailed description of every fact and legal basis," and a recitation of "all facts, evidence and legal bases" supporting each unidentified defense; and Plaintiff makes a compound request for "any witness or physical, documentary, or testimonial evidence" that supports each unidentified defense., using an "immunity defense" as an example.

Defendant further objects on the grounds that Plaintiff requests that Defendant provide a narrative account of its entire case, an itemization of evidence and trial strategy

which goes beyond the scope of reasonable discovery, and assumes a burden of proof standard that does not apply.

Defendant further objects on the grounds that the request exceeds the scope of Fed. R. Civ. P. 33(c) because its scope is virtually unlimited and requires Defendant to write basically a portion of defendant's dispositive motions or trial. Discovery is in its preliminary phase and Defendant is not required by the Federal Rules of Civil Procedure to make motions for summary judgment or prepare supporting memoranda of law in responding to Plaintiff's discovery requests.

Without waiving these objections, this Defendant states that all Defendants have provided Initial Disclosures to Plaintiff, in accordance with Fed. R. Civil P. 26 and all Defendants have provided in good faith extensive and voluminous discovery responses in this case, which Defendant incorporates herein by reference in their entirety.

8. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:** By agreement of the parties, discovery regarding punitive damages has been stayed pending ruling(s) on summary judgment motions in this case.

9. Given the sum total of your personal knowledge of the policies, customs, and practices of the City of Shelbyville as you understand them (formal or informal, written or unwritten), please state whether you or any of the other Defendants acted inconsistently with any of those policies, customs, or practices at any time during the

entire encounter or interaction with Plaintiff as described in Plaintiff's Complaint. If the answer is in the affirmative, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:** No.

10. Please state with specificity each activity and investigative task that you participated in during the Monroe investigation. For each activity and task, please describe the Person who assigned you each task and the Person to whom you reported for each task. Please note that the scope of this Interrogatory includes any investigation undertaken at any time from October 26, 2017 up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Monroe investigation is described in the Documents that you reference.

**ANSWER:** See Answer to Interrogatory No. 4.

11. Did any Investigator in the Monroe investigation (including yourself) conduct or participate in any formal or informal witness interviews or have any Communications with witnesses that were not memorialized in a police report? If the answer to this question is anything other than an unqualified "no," please list the dates and locations of all such interviews or Communications, the names of each person involved in each interview or Communication, and the content of any such interview or Communication.

**ANSWER:** Upon information and belief, all such communications were memorialized in the case file in audio, video, or written format.

12. Did you provide or promise any Consideration to any witness relating to the Monroe investigation? If so, please state with specificity (a) who provided/promised the Consideration; (b) when the Consideration was provided/promised; (c) to whom the Consideration was given/promised; and (d) what Consideration was given/promised.

**ANSWER:** No.

13. Please describe in detail each and every step that you took to corroborate the information that Antrez Williams provided to the Shelbyville Police Department on or about October 27, 2017 regarding the Monroe investigation. For each such step, please identify (a) when you conducted that investigatory step; (b) who you conducted that investigatory step with and (c) a description of the information that you learned as a result of that investigatory step.

**ANSWER:** See Answer to Interrogatory No. 4.

14. Please describe in detail each and every contact that you had with Antrez Williams. For each contact, please identify (a) when you made such contact(s) with that witness; (b) how you made contact with that witness; (c) who you contacted that witness with; (d) what information was provided by any party during that contact (including from the officer(s) involved); (e) whether any documentation from that contact was created; (f) whether any documentation exists today from that contact; and (g) why that individual was contacted.

**ANSWER:** None.

15. Please describe in detail each and every contact that you had with Leon Stone. For each contact, please identify (a) when you made such contact(s) with that witness; (b) how you made contact with that witness; (c) who you contacted that witness with; (d) what information was provided by any party during that contact (including from the

officer(s) involved); (e) whether any documentation from that contact was created; (f) whether any documentation exists today from that contact; and (g) why that individual was contacted.

**ANSWER:** None.

16. Please describe in detail each and every contact that you had with Ralphie Stone. For each contact, please identify (a) when you made such contact(s) with that witness; (b) how you made contact with that witness; (c) who you contacted that witness with; (d) what information was provided by any party during that contact (including from the officer(s) involved); (e) whether any documentation from that contact was created; (f) whether any documentation exists today from that contact; and (g) why that individual was contacted.

**ANSWER:** None.

17. Please describe in detail each and every contact that you had with Austin Monroe. For each contact, please identify (a) when you made such contact(s) with that witness; (b) how you made contact with that witness; (c) who you contacted that witness with; (d) what information was provided by any party during that contact (including from the officer(s) involved); (e) whether any documentation from that contact was created; (f) whether any documentation exists today from that contact; and (g) why that individual was contacted.

**ANSWER:** None.

18. Please describe in detail each and every email account, cell-phone number, and landline number that you have used, in any manner, between October 27, 2017 and March 23, 2019. For each telephone number, please describe: (1) the name of the account-holder; and (2) the service provider, if known.

**ANSWER:** This Defendant objects to this request to the extent that a request is made for "each and every" email account or telephone number "used, in any manner," during an approximate twenty-nine-month period of time. Without waiving said objection: bwhite@shelbyvillekypd.com; 502-633-2326 (SPD); 502-220-0268 (SPD cell); (502) 608-1188 (home).

Respectfully submitted,

/s/Mark A. Osbourn
Mark A. Osbourn
BUSH & OSBOURN, PLLC
9000 Wessex Place, Suite 200
Louisville, KY 40222
(502) 502-609-2609
mosbourn@bushosbourn.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answers to Plaintiff's First Set of Interrogatories was served via email this 17th day of May, 2019 upon:

Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
*Counsel for Plaintiff*

/s/Mark A. Osbourn