UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ENRIQUE GONZALEZ                                                                                                   Plaintiff,

v.                                                                                            Civil Action No. 3:18-cv-653-RGJ

CITY OF SHELBYVILLE, ET AL.                                                                                       Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The matter before the Court is Plaintiff's Motion *in limine* No. 4 [DE 99]. Briefing is complete, and this matter is ripe. [DE 115]. For the reasons below, Plaintiff's motion *in limine* No. 4 is **GRANTED**. [DE 99].

**I.      LEGAL STANDARD.**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). Yet, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Courts favor this posture so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F.Supp.2d 702, 706 (E.D. Ky. 2010) (internal citations omitted). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38 (1984)). Thus, the Court may alter or amend a prior *in limine* ruling at trial. *Luce,* 713 F.2d at 1239.

**II.     DISCUSSION**

Plaintiff requests as a matter of law that favorable termination is met in its malicious prosecution claim and wrongful detention claim under 42 U.S.C. 1983.

In order to prevail on both the wrongful detention claim and under the state-law malicious prosecution claim Plaintiff must prove four elements: (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that the state lacked probable cause for the prosecution; (3) that the plaintiff suffered a deprivation of liberty because of the legal proceeding; and (4) that the criminal proceeding was resolved in plaintiff's favor. *Jones v. Clark Cnty., Ky.,* 959 F.3d 748, 756 (6th Cir. 2020). To show favorable termination of proceedings, Plaintiff must show that the 'dismissal indicates that they may be innocent of the charges' or that a conviction has become 'improbable.'" *Jones*, 959 F.3d at 765 (quoting *Ohnemus v. Thompson*, 594 F.App'x 864, 867 (6th Cir. 2014)).  The decision of whether a termination is sufficiently favorable ultimately rests with the trial court as a matter of law, absent a factual dispute about the circumstances of the dismissal.  *Jones*, 959 F.3d at 765.

Plaintiff argues the evidence shows that a conviction is improbable since on December 7, 2017, a Fayette Circuit Court Judge released Plaintiff from custody in the detention center on home incarceration after hearing the audio recording wherein Monroe identified his assailant as Ralphie Stone's brother. [DE 68-14 at 10:47:45]. At the habeas hearing, the Judge stated:

> I guess I'm confused because if the officer testified that Mr. Monroe identified Mr. Gonzalez as the guy who hit him, we've got a problem. . . That's very problematic for the Court. It's clear from that interview with the victim that he identified the person who hit him as black and as being Raphael Stone's brother. . . Therefore, the Court believes there was some misrepresentation at the detention hearing in which Judge Robards based his decision to have Mr. Gonzalez detained at the time . . . I understand that I don't have jurisdiction to rule on the merits of this case, but just based on what I heard and by reviewing the detention hearing, there are some serious discrepancies in what was presented and what I heard. And so, I do think that this Defendant is entitled to relief. . .

*Id.* at 10:48:25. Five days later on December 12, 2017, the Shelby County Attorney's Office entered into an agreed order dismissing all charges. [DE 68-15 at 2]. The agreed order states that "The Commonwealth, through the County Attorney's Office, and the Defendant, by and through his undersigned counsel, submits the following Agreed Order to dismiss with [sic] the charges without prejudice." [*Id.*]

Plaintiff argues the agreed order here was "one-sided and not the result of any settlement or compromise." *Ohnemus*, 594 F.App'x at 867. This is unlike the plaintiff in *Ohnemus* who paid $223,980 in restitution in exchange for the dismissal of the criminal charges. The fact that the agreed order dismissed the case without prejudice can still amount to a favorable termination. *Hoskins v. Knox Cnty., Ky.,* 2018 WL 1352163 at *9 (E.D.Ky. Mar. 15, 2018). As stated by the Sixth Circuit in *Jones,* "[c]ategorically construing the favorable termination requirement to exclude plaintiffs whose cases were dismissed without prejudice would undermine the ability of malicious prosecution claims to hold officials accountable for baseless legal proceedings simply because those proceedings ended prior to a verdict. This would weaken the protections and deterrence provided by 1983 and effectively deny an entire class of plaintiffs a remedy for their constitutional violations." *Jones,* 959 F.3d at 765.

In response, Defendant argues that this is not the proper subject for a motion *in limine*. *Ohio Oil Gathering Corp. III v. Welding, Inc.*, No. 2:09-cv-782, 2010 WL 5135999, at *3 (S.D. Ohio Dec. 9, 2010) ("Defendant's motion is more a motion for judgment on the pleadings or for summary judgment . . . than it is a motion in limine. The time for filing such dispositive motions has long closed, however, and Defendant cannot evade this Court's summary judgment deadline simply by captioning its dispositive motion in a creative manner.") However, both parties have had the opportunity to fully brief this issue set forth by Defendant's summary judgment motion

3

and accordingly, the same concerns about evading deadlines are not present here. The Court considers the Defendants' substantive arguments in their motion for summary judgment [DE 62] and corresponding reply [DE 64]. In addition, this issue is directly relevant to the jury instructions and proof at trial. In an effort to expedite the parties' ability to prepare for trial, the Court addresses the parties' arguments herein.

The Uniform Citation charged Plaintiff with Assault, 1st Degree from an incident on October 26, 2017. [DEF000129, DE 68-6]. Under Ky. Rev. Stat. 500.050, the prosecution of a felony is not subject to a period of limitation. The parties agreed to a dismissal without prejudice. However, no factual disputes exist about the circumstances of the dismissal after the December 7th hearing; the charges were dismissed without any settlement, plea or compromise on Plaintiff's behalf; and no new charges have been brought against Plaintiff. In fact, Defendant Fiscante drafted two new citations for Plaintiff charging him with robbery first degree and criminal trespassing [DE 68-32] after the hearing on December 1, 2017, however these citations were never served because the County Attorney declined to prosecute and because Defendant Gentry told Defendant Fiscante not to serve any new citations. [DE 68-7 at 45:13, DE 68-11 at 206:12-13:1].

Based on the above, the Court finds as a matter of law that the criminal proceedings against Plaintiff resolved in his favor and Plaintiff's motion *in limine* No. 4 is **GRANTED**. [DE 99].

December 16, 2021

Rebecca Grady Jennings, District Judge
United States District Court

Copies to Counsel

4